IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GILBERTO GARCIA PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-786-RP |
| | § | |
| TODD BLANCHE, *Attorney General of the United States*,[1] et al., | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Gilberto Garcia Perez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on March 30, 2026. (Dkt. 1). On April 2, 2026, the Court ordered Respondents to show cause as to why the petition should not be granted. (Order to Show Cause, Dkt. 3). On April 6, 2026, Respondents Todd Blanche, United States Attorney General; Warden, T. Don Hutto Detention Center; Sylvester Ortega, Field Office Director, Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Director of United States ICE; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Daren K. Margolin, Director of the Executive Office for Immigration Review (together, "Respondents") filed a Response.[2] (Resp., Dkt. 4). Petitioner thereafter filed a Reply in support of his Petition, (Dkt. 6), as well as a Motion to Expedite, (Dkt. 8). Having considered the parties' arguments, evidence presented, and relevant law, the Court will order additional briefing on Petitioner's due process argument related to his bond hearing.

[1] Todd Blanche is automatically substituted in as Defendant pursuant to Federal Rule of Civil Procedure 25(d).
[2] The Response is filed only on behalf of the federal employees in this action. (Dkt. 4, at 1 n.1).

## I. BACKGROUND

Petitioner, a citizen of Mexico, is detained at T. Don Hutto Detention Center in Taylor, Texas. (Pet., Dkt. 1, at 4). He pleads that that he "has resided in the United States for more than twenty years and is the beneficiary of a qualifying family-based visa petition that renders him eligible for adjustment of status under INA § 245(i)." (*Id.*). More specifically, "Petitioner is the beneficiary of a Form I-130, Petition for Alien Relative, filed by his United States citizen sister, with a priority date of April 29, 2001 and case number SRC0121154017." (*Id.* at 5). He claims that his "filing date squarely qualifies him for adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i), upon visa availability."[3] (*Id.*). Petitioner also states that he "has no disqualifying criminal history, poses no danger to the community, and has strong family and community ties in the United States." (*Id.* at 11).

On March 17, 2026—approximately two weeks prior to the filing of the instant habeas action—an immigration judge denied Petitioner bond, stating:

> The Court finds that the Respondent poses a significant flight risk. Aside from remaining in the United States for approximately 28 years after violating the terms of his nonimmigrant visa, the Court observes that the Respondent worked without employment authorization for several years during which time he failed to file federal income tax returns and also has operated motor vehicles in the U.S. for several years without a valid driver's license. The Court also notes that the Respondent failed to demonstrate property ties to the U.S. or his immediate eligibility to adjust status.
>
> While the Respondent stated that he provides assistance to a 12-year-old girl in the U.S. who he considers his daughter although he has not formally adopted her, the Court finds the numerous negative equities present in the Respondent's claim militate against his release on bond because they indicate that he is less likely to appear for a removal hearing.

[3] When Petitioner was detained, "[t]he U.S. Department of State Visa Bulletin for Mexico [was] currently at April 30, 2001 for the relevant preference category, meaning that Petitioner's April 29, 2001 priority date is effectively current." (*Id.*). He therefore asserts that he "is now eligible to apply for adjustment of status and obtain lawful permanent residence" and "was days away from eligibility" when he was detained. (*Id.*).

(Immigr. J. Order, Dkt. 4-3, at 1). Respondents assert that the Court lacks jurisdiction to hear a "challenge to 'a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.'" (Resp., Dkt. 4, at 4). Rather, they state that review of the Immigration Judge's "discretionary determination is proper before the Board." (*Id.* at 4).

Petitioner replies that "Respondents' reliance on 8 U.S.C. § 1226(e) is misplaced. Section 1226(e) bars judicial review of the Attorney General's discretionary "judgment" regarding the application of § 1226 and of individual discretionary bond decisions; it does not bar constitutional or statutory challenges to the legality of detention itself, or to the procedures used to justify that detention." (Reply, Dkt. 6, at 3). He emphasizes that he "does not seek review of the IJ's discretionary weighing of evidence. He challenges the sufficiency of the procedures governing his continued detention and whether those procedures meet constitutional standards. That type of claim falls within this Court's habeas jurisdiction under § 2241." (*Id.* at 4). He then cites a variety of cases supporting this contention, the majority of which do not exist.[4] The Court will nonetheless consider Petitioner's due process argument, as it will not punish Petitioner for his counsel's mistakes.

[4] The Court notes that an alarming number of cases cited by Petitioner for support in his Reply are nonexistent, "hallucinated" cases, such as *Kostak v. Garland*, No. 24-cv-11024-ADB, 2025 WL 2472136, at *4–6 (D. Mass. May 22, 2025); *Martinez Lopez v. Garland*, No. 1:25-cv-00069, 2026 WL 1200000, at *4–5 (D. Colo. Mar. 24, 2026); *Cruz-Reyes v. Decker*, No. 1:25-cv-01719-MKV, 2025 WL 332315, at *4–6 (S.D.N.Y. Jan. 21, 2025); *Castanon Nava v. Garland*, No. 2:25-cv-01308-JHC, 2026 WL 1234567, at *5–7 (W.D. Wash. Feb. 11, 2026); *Duarte Escobar v. Garland*, No. 1:25-cv-00963-MSN-LRV, 2025 WL 7061234, at *2–4 (E.D. Va. Dec. 2, 2025). (*See* Reply, Dkt. 6, at 2–4). None of these cases exist on Westlaw or on the purported courts' dockets. Indeed, Petitioner also hallucinates a case purportedly written by this Court: *Garcia v. Mullin*, No. 1:25-cv-00836-RP, 2026 WL 1045678, at *2–4 (W.D. Tex. Mar. 9, 2026). (Reply, Dkt. 6, at 3). Petitioner's counsel is strongly cautioned that future inaccurate citations "hallucinated" by generative artificial intelligence tools may result in sanctions. *See* Fed. R. Civ. P. 11(b) (providing that by filing a document with a court, an attorney "certifies to the best of the person's knowledge . . . [that the] claims, defenses, and other legal contentions are warranted" and providing for sanctions if Rule 11(b) has been violated).

## II. ANALYSIS

It is well-settled that "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Certain provisions of the Immigration and Nationality Act ("INA") divest federal court jurisdiction over certain claims. Relevant to this action, Section § 1226(e) provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Respondents assert that, under this subsection, the Court lacks jurisdiction to review a discretionary decision made by the Attorney General through an immigration judge. (Resp., Dkt. 4, at 4).

The Fifth Circuit has held, however, that "[s]ection 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [the petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (per curiam). *See also Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018)) (stating that the jurisdictional bar in § 1226(e) "applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (explaining that "the extent of the Attorney General's authority . . . is not a matter of discretion" and is therefore within a court's jurisdiction to review, even where the INA bars review "of the Attorney General's exercise of discretion"); *Gul v. Rozos*, 163 F. App'x 317, 319 (5th Cir. 2006) (per curiam) ("To the extent that [the petitioner's]

petition challenged his continued detention rather than the final order of removal, nothing in the Real ID Act precluded the district court from adjudicating the claim."); *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (holding that § 1226(e) "does not . . . preclude habeas jurisdiction over constitutional claims or questions of law. Claims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241") (citations omitted).

Here, Petitioner has pleaded that, as of March 2026,[5] Petitioner was "now eligible to apply for adjustment of status and obtain lawful permanent residence." (Pet., Dkt. 1, at 6). At his bond hearing before an immigration judge, however, the immigration judge found Petitioner to be a "significant flight risk," in part because he "failed to demonstrate . . . his immediate eligibility to adjust status." (Immigr. J. Order, Dkt. 4-3, at 1). Given that Petitioner alleges that he was eligible or imminently eligible to apply for adjustment of status and become a lawful permanent resident, it appears possible that the immigration judge relied on inaccurate information in choosing to deny Petitioner bond.

Some courts have held that, when an immigration judge denies bond based on false information, the denial violates the petitioner's right to due process. *See, e.g.*, *Montero-Martinez v. Mattos*, No. 2:25-CV-02391-CDS-DJA, 2026 WL 674497, at *1–2 (D. Nev. Mar. 9, 2026); *Arellano v. Sessions*, No. 6:18-CV-06625-MAT, 2019 WL 3387210, at *7 (W.D.N.Y. July 26, 2019) (stating that courts can consider whether an immigration judge "may have misinterpreted or failed to consider probative evidence . . . on habeas review"). *See also Roberts v. United States*, 445 U.S. 552, 556 (1980) (explaining that, in the criminal sentencing context, the Court has "sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude'"). The Court will

[5] The exact date upon which Petitioner became eligible to adjust his status to that of a lawful permanent resident is not clear. However, the record supports that that date was surely around or very close to the date of the immigration judge's bond hearing.

therefore order additional briefing on whether the immigration judge exceeded his discretion when he found Petitioner was a flight risk based on his failing to demonstrate "immediate eligibility to adjust status" and whether the potential exceeding of discretion was a due process violation.

Accordingly, **IT IS ORDERED** that Respondents shall file supplemental briefing regarding whether the immigration judge incorrectly found that Petitioner was not immediately eligible to adjust status and, if so, whether this finding amounts to a due process violation, on or before **August 25, 2026**.

**IT IS FURTHER ORDERED** that Petitioner may respond to Respondents' supplemental briefing on or before **September 1, 2026**.

**SIGNED** on August 18, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE